Howeed, J.
The plaintiffs have appealed from a judgment sustaining a peremptory exception, to the effect that the petition discloses no ground of action on their part against the defendants.
The parties on the one side are several directors and stockholders of the Carondelet Navigation Company, and on the other, the president and directors, as such, and in their individual capacity, and the secretary of the corporation, officially and individually; and the object of the suit is to annul a resolution of the board of directors, accepting a bid for the lease of the canal, property, rights and franchises of the company, and to enjoin the parties from executing said lease.
The petition sets forth, that in December, 1865, by a two-thirds vote of the stockholders, it was determined to lease the canal; whereupon, in January following, the board of directors adopted resolutions settling the specifications of the lease, and providing, among othes things, for public notices to be given in several cities for a fixed' time, inviting sealed proposals for the leasing according to the specifications, reserving the right of the board to accept or reject any and all bids; that at the expiration of the time, the board met and only two sealed proposals had been offered; one by Louis Gagnet, who is the secretary and a defendant, and one by B. Saloy, who is a stockholder and a plaintiff; that the proposal of Gag-net for $150,000, not complying with the specifications, was rejected, and that of Saloy for $80,400, being under consideration, a discrepancy was found in the amounts expressed in letters and figures, the former being $80,400, and the latter $84,000; whereupon, at a subsequent meeting, “ a committee was appointed to confer with said Saloy, to ascertain from him whether he would not agree to increase the amount of his bid by adding to the same the sum of $3,600;” that at another meeting the committee reported Saloy’s concurrence, which report was accepted, and at the same meeting a second proposal was submitted by Gagnet for $100 000, to which objection was made, as being irregular and too late — the only question pending being the acceptance or rejection of Saloy’s proposal, and that new proposals could be allowed only after additional time and publications; that on a vote being taken, Saloy’s proposal was rejected, and that of Gagnet’s taken up for action, and accepted by a majority -<rote, and a resolution adopted to lease the canal, etc., to him; that said proceedings are informal, illegal and injuries to the corporation; that had new advertisements been given, larger and more liberal offers would, without any doubt, have been received, and had not Gagnet, while Saloy’s bid was pending, informed others that it was too late to send in proposals, other advantageous bids, besides his, would have been received: that the contract of lease between the board and Gagnet is null, and void, because accepted in violation of the resolutions by which the lease was ordered to be made; that after the delay fixed for receiving proposals, it was too late to receive any others whatever, and the doing so not only violated the said resolution, but defeated the object of sealed proposals; and that it is more than questionable, whether, without authorization from the Legislature, such a contract of lease can be entered into between the corporation and third parties.
The argument of plaintiffs’ counsel is directed mainly to the right or power of the corporation to lease their canal and franchises; but we think *69 the reference to this question in the petition is made, in arguendo, to strengthen their charge as to the irregularity of the proceedings, rather than as a ground of action, for it is said (in the language of this averment) “that on this account it is proper that the greatest precautions should be had in contracting such a, lease;” i. e., the lease may be made, but with the greatest precaution. There is no positive, substantive allegation, denying the right of the corporation to make a lease; which .it, is specifically stated that the stockholders by a. two-thirds vote advised ,a lease, instead of a loan to be made. The cause of action — the real ground of complaint is, that after adopting a resolution fixing a time for receiving sealed proposals, invited through public notices, and after the lapse of that delay, the board of directors accepted a proposal, without again pursuing the same forms. Admitting their material facts, we think their conclusions in law are incorrect, and present no cause of action against the defendants. The forms to be observed, and the course pursued, in effecting the lease, were within the control and discretion of the board of directors.
The adoption and observance of one mode, did not preclude them from afterwards pursuing another, which in their judgment is equally or more advantageous. The first resolutions did not perpetually bind them to follow the formalities therein prescribed. See Angelí and Ames on Corporations, pp. 827, 459.
In matters within the discretion of the board, their acts, if lawful, although deemed by some to be erroneous, will bind the corporators, and courts of justice will not interfere to control the manner in which such acts are performed. Same authority, p. 259. 6 L. 763.
No fact is alleged, showing a violation by the defendants,; of any law or of any provision of the company’s charter, or the acquired rights of any party.
The sealed proposals were rejected under the reserved right of the board, after which it was within their power to accept proposals in any manner satisfactory to themselves.
Judgment affirmed, with costs.
Petition for a Rehearing, by plaintiffs. — The plaintiffs respectfully call the attention of the Court to that part of the decision which argues that they have not sufficiently alleged the nullity of the lease, so as to bring up the question of the legal incapacity of the board of directors in that respect.
As that was the burden of the plaintiffs’ whole brief, and relief was asked only upon that ground, we now suggest that the Court should either have decided the point, or, declining to decide it, have made a reservation of the matter in the decretal part of the judgment.
The plea of res judicata may be filed below, if we are driven to institute another suit to demand the nullity of the lease, upon the ground that the board had no authority under the charter to enter into this contract. And as the decree, and not the reasons for judgment, will have to be considered in that event, we apprehend danger from that quarter.
We, therefore, respectfully ask:
1st. That the Court will reconsider the question, whether, under all the allegations of fact in the petition, the question of the authority of the board is not substantially raised. Matters of law and legal propositions need not be stated in a petition, for that would render it argumentative. *70 Oldham vs. Croghan, 3 N. S. 521. Hodge vs. Easton, 5 N. S. 59. Florence vs. Nixon, 3 L. 292. (3 M. 402, Gravier vs. Livingston.)
But, should the Court be of opinion that its ruling on this subject-matter lias not been too technical, then we suggest:
2d. The propriety of amending the decree rendered so as to reserve to the plaintiffs the right in the future to test the absolute nullity of the lease, on the ground of the total want of authority on the part of the board of directors to enter into such contract.
It would, undoubtedly, subserve the purpose of justice, that not having been heard on that matter, a reservation be decreed to protect them against any eventuality in that respect.
Rehearing refused.